FILED

08/26/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2019 Session

## SOLOMON MENCHE v. WHITE EAGLE PROPERTY GROUP LLC ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-16-1060    JoeDae L. Jenkins, Chancellor**

————————————————————

**No. W2018-01336-COA-R3-CV**

————————————————————

THOMAS R. FRIERSON, II, J., dissenting.

I respectfully dissent from the majority's decision to affirm the trial court's award of attorney's fees and expenses to the defendants following the entry of an agreed order granting a voluntary nonsuit to the plaintiff. Tennessee Rule of Civil Procedure 41.01 governs voluntary dismissals and provides in pertinent part:

(1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.

Prior to the adoption of the Tennessee Rules of Civil Procedure, our Supreme Court rendered an opinion in *Thompson v. Thompson*, 40 Tenn. 527, 528 (1859), concerning the effect of a plaintiff's voluntary dismissal of an action. In *Thompson*, following the plaintiff's voluntary nonsuit of her complaint for divorce, her attorneys filed an application in the matter, seeking payment of their fees for services rendered to her. *Id*. The trial court subsequently ordered that the plaintiff's husband would be

required to pay such fees.  *Id*.  On appeal, the High Court reversed the trial court's ruling, stating:

> It is clear that the Chancellor had no power to make any such order.  First, by section 3199 of the Code, "suits may be dismissed, in writing, out of term time as well as in term."  Under this provision, the present suit was dismissed.  The dismissal, in vacation, puts an end to the suit, and terminates the control of the court over it, as fully as a dismissal in term time.  By the dismissal in either mode, by the voluntary act of the parties, the power and jurisdiction of the court over the parties and the cause are at an end, except, to render a judgment for the costs of suit, or to make such orders as may be indispensable to give effect to the dismissal.  In this view, the order of the Chancellor was wholly unauthorized.

*Id*.

Similarly, under the Tennessee Rules of Civil Procedure, this Court has ruled that the trial court has no power to act in a matter following a plaintiff's decision to seek a voluntary dismissal pursuant to Rule 41.01.  *See Rose v. Bushon*, No. E2015-00644-COA-R3-CV, 2016 WL 7786449, at *4 (Tenn. Ct. App. Mar. 28, 2016).  In *Rose*, the plaintiff filed a notice of voluntary dismissal with the trial court concerning her claim following her receipt of a motion filed by the defendants in which they sought to disqualify the plaintiff's counsel.  *Id*. at *1.  Despite the filing of the notice of voluntary dismissal, the trial court proceeded with a previously scheduled hearing on the motion to disqualify.  *Id*.  The plaintiff's counsel did not appear at the hearing, assuming that the case would be dismissed.  *Id*.  The trial court entered a subsequent order dismissing the matter in accordance with the plaintiff's notice of voluntary dismissal.  *Id*.

Nine days later, the *Rose* defendants filed a motion seeking to alter or amend the order of dismissal, arguing that the trial court had, at the hearing, orally granted their motion to disqualify the plaintiff's counsel and granted them attorney's fees.  *Id*.  The trial court subsequently entered an order granting the motion to disqualify, which order also provided that the plaintiff would pay attorney's fees to the defendants in the amount of $7,779.  *Id*.  The trial court noted that the order would be entered *nunc pro tunc* to the date of the hearing.  *Id*.  The plaintiff then filed a motion seeking to have this order set aside, which the trial court denied.  *Id*.

On appeal to this Court, the *Rose* plaintiff argued that the trial court erred in ordering the disqualification of her counsel and awarding attorney's fees to the defendants after her complaint had been voluntarily dismissed pursuant to Rule 41.01. *Id*.  This Court agreed, stating in pertinent part:

In the present case, it is undisputed that none of the "exceptions" in Rule 41.01 are applicable here. It is also undisputed that plaintiff's notice of voluntary nonsuit was properly filed in the trial court on October 13, 2014, the same day plaintiff sent notice of same to defendants' counsel. Under the plain language of Rule 41.01 and the opinions construing it, the nonsuit was taken and occurred on that date, and all that remained was the "ministerial and procedural" step of entry of an order of dismissal without prejudice. The trial court took that step one week later by entry of its order on October 20, 2014. <u>There is no subsequent order in the record that discusses, alters, amends, vacates, or otherwise disturbs this order</u>. Under these circumstances, we conclude that it was error for the trial court to order the disqualification of plaintiff's counsel and award attorney's fees, <u>after plaintiff had functionally and effectively ended this action by exercising her right to take a voluntary nonsuit</u>.

*Id*. at *4 (emphasis added). Ergo, this Court unequivocally held in *Rose* that absent a subsequent order vacating or "otherwise disturb[ing]" an order of voluntary dismissal, the trial court loses the authority to act in the matter. *See id*.; *see also Martin v. Washmaster Auto Ctr., Inc.*, No. 01-A-01-9305-CV-00224, 1993 WL 241315, at *2 (Tenn. Ct. App. July 2, 1993) ("No present controversy exists after the plaintiff takes a nonsuit. The lawsuit is concluded and can only be resurrected if and when the plaintiff recommences the action.").

The majority distinguishes the *Rose* case based on the fact that in *Rose*, no motion for summary judgment had been filed by the opposing party. The majority opinion states that "[b]ecause Appellee's motion for summary judgment was pending, Appellant's nonsuit was dependent upon Appellees' consent or a determination by the trial court that the circumstances warranted dismissal despite the pendency of a motion for summary judgment." The majority further states that "Appellant admits [in his brief] that Appellees had the right to insist that certain issues be reserved when the order of voluntary dismissal was entered but contends that Appellees[] failed to properly exercise that right." Accordingly, the majority opinion concludes that, for these reasons, "*Rose* is simply inapposite here."

I respectfully submit that the reasons provided for distinguishing the *Rose* opinion appear to present a distinction without a difference. Although the *Rose* Court notes that none of the "exceptions" listed in Rule 41.01 were present, presumably highlighting that no motion for summary judgment had been filed and that no statute or rule precluded a voluntary nonsuit, the *Rose* Court proceeded to analyze the issue pursuant to the applicable case law concerning Rule 41.01. *See Rose*, 2016 WL 7786449, at *4. In other words, the *Rose* Court's mention of the fact that no exception was present in that case simply pointed out that there was no issue regarding a pending summary judgment motion or contradictory rule or statute that would need to be analyzed. In contrast to the

majority opinion's suggestion, I submit that the lack of a pending summary judgment motion was not the predicate of the *Rose* Court's ruling concerning the effect of a Rule 41.01 voluntary dismissal.

The majority primarily relies on this Court's ruling in *Thompson v. Logan*, No. M2005-02379-COA-R3-CV, 2007 WL 2405130, at \*10 (Tenn. Ct. App. Aug. 23, 2007); however, I believe the *Thompson* opinion to be more distinguishable from the facts of the case at bar than the *Rose* opinion. In *Thompson*, the defendant had filed a pretrial motion to compel regarding discovery, in which he also sought attorney's fees. *Id*. The trial court did not rule on the motion when it later entered its judgment following a bench trial. *Id*. After the plaintiffs filed their notice of appeal, the trial court set a hearing concerning the claim for attorney's fees contained in the pretrial motion to compel. *Id*. at \*9. Despite the plaintiffs' objection, the trial court awarded attorney's fees to the defendant. *Id*.

On appeal, the *Thompson* plaintiffs argued that the trial court had lost jurisdiction to award sanctions after the notice of appeal was filed and that jurisdiction rested solely with this Court. *Id*. Although acknowledging that the trial court retained the authority to act on "ancillary" or "collateral" matters after the filing of a notice of appeal, such as enforcement and collection of a judgment, this Court determined that "motions made before judgment based on prejudgment conduct" should not be considered "ancillary" to the judgment. *Id*. at \*10. Nonetheless, this Court ultimately determined that the trial court's judgment following trial was not final because it left unresolved the issue of attorney's fees to be awarded in the discovery dispute. *Id*. at \*11. The *Thompson* Court therefore treated the subsequent order awarding fees as the final order and the plaintiffs' notice of appeal as premature but still effective. *Id*.

On this point, the majority opinion states that the "holding" from *Thompson* is that "a case cannot be final and appealable under Rule 3 in the absence of an adjudication of a pending prejudgment motion for sanctions."[1] Although this is a correct statement of the law with regard to judgments rendered by a trial court with a claim for attorney's fees remaining unresolved, it does not necessarily follow that the same would be true with regard to a voluntary dismissal of a lawsuit by a plaintiff, especially a voluntary dismissal

---

[1] The majority opinion distinguishes this Court's opinion in *Johnson v. Parkwest Medical Center*, No. E2013-01228-COA-R3-CV, 2014 WL 3765702, at \*1 (Tenn. Ct. App. July 31, 2014), from the "holding" of *Thompson*, noting that *Johnson* also involved an unresolved pretrial motion for sanctions that was not addressed by the trial court's final judgment. In *Johnson*, however, the pretrial motion for sanctions was filed by the plaintiff rather than the defendant, and when the trial court entered its final order in the matter, the court stated that it was dismissing all of the plaintiff's claims against the defendant. *Id*. at \*3. Therefore, the trial court's order in *Johnson* appeared to be a final order because it disposed of all of the plaintiff's claims, and the parties treated it as such. *Id*. The issue of sanctions was remanded by this Court because the matter was remanded to the trial court for reconsideration of the trial court's grant of partial summary judgment. *Id*. at \*9.

to which the defendants have acquiesced without reserving their motion for attorney's fees or sanctions. I therefore submit that the facts in *Rose* are more analogous to the facts in the instant action.

As the majority opinion properly points out in footnote seven, a previously pled counterclaim would survive the voluntary nonsuit—such is clearly specified in Rule 41.01. *See Salsman v. Texcor Indus., Inc.*, No. W2001-00730-COA-R9-CV, 2002 WL 1838135, at \*3 (Tenn. Ct. App. July 29, 2002). This Court has also held that the trial court retains jurisdiction to extend or enforce a protective order entered in a matter that was later voluntarily dismissed, based largely on the protections provided by Tennessee Rule of Civil Procedure 26.03. *See Autin v. Goetz*, 524 S.W.3d 617, 637-38 (Tenn. Ct. App. 2017).[2] Neither of these scenarios applies to this action because the case at bar does not involve a <u>counterclaim</u> or a motion to extend a protective order.

For the foregoing reasons, I am of the opinion that the trial court erred in awarding sanctions to the defendants after the defendants had acquiesced in the plaintiff's request to voluntarily dismiss his claims and the trial court had granted the dismissal. As this Court concluded in *Rose,* the plaintiff "had functionally and effectively ended this action" by taking a voluntary nonsuit. *See* 2016 WL 7786449, at \*4. At that point, the present controversy no longer existed. *See Martin,* 1993 WL 241315, at \*2. I therefore respectfully dissent from the majority's decision to affirm the trial court's judgment.

_____
THOMAS R. FRIERSON, II, JUDGE

---

[2] In *Autin*, this Court stated that *Salsman* stands for the proposition that "the trial court retains jurisdiction to grant a motion that was pending prior to the filing of plaintiff's notice of voluntary dismissal." *See* 524 S.W.3d at 637. *Salsman*, however, involved a motion to amend to add a counterclaim, which was filed before the nonsuit was taken. *See* 2002 WL 1838135, at \*2. The *Salsman* Court determined that because the motion to amend to add a counterclaim was pending when the nonsuit was taken, the counterclaim would be deemed pled and would therefore fall into the exception for counterclaims found within Rule 41.01. *Id*. at \*4.